IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**TAWANA SANDERS,**

**Defendant.**                                                   No. 12-CR-30222-DRH

MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Sanders' motion for reconsideration 18 U.S.C. 3742(e) post-sentencing rehabilitation programming (Doc. 58). Sanders moves the Court to reduce her sentence because she has received 25 plus certificates since she has been incarcerated. Based on the following, the Court dismisses for want of jurisdiction her motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other

grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack, under 28 U.S.C. ' 2255, which has a 1 year statute of limitations.

Here, Sanders does not cite any case law or statute that would allow the Court to consider her motion. The Court notes that Sanders does cite to 18 U.S.C. § 3742(e) and to *Pepper v. United States*, 131 S.Ct. 1229 (2011) as support for her motion. Clearly, her argument is misplaced as neither 18 U.S.C. § 3742(e) nor *Pepper* provides support for her motion. 18 U.S.C. § 3742(e) provides in part:

> Consideration.—Upon review of the record, the **court of appeals** shall determine whether the sentence---
> (1) was imposed in violation of the law; ….

18 U.S.C. § 3742(e) (emphasis added). Further, the Supreme Court held in *Pepper* that when a defendant's sentence has been *set aside on appeal*, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation. *Pepper*, 131 S.Ct at 1241-1242. This matter is not before the Court on remand from the Court of Appeals for resentencing. In fact, Sanders' sentence has not been set aside on appeal as Sanders did not appeal her sentence.

Moreover, Rule 35 is inapplicable because this motion is brought over a year *after* the sentencing (June 17, 2013) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Also, the Court

of Appeals has not remanded this matter for resentencing. Further, the Government did file such a motion and the Court ruled on the motion in June 2014 (Docs. 51 & 53, respectively). Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Sanders could bring this motion is a ' 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Sanders intends to pursue a collateral attack.[1] Because the Court finds that Sanders' motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Sanders' motion for reconsideration 18 U.S.C. 3742(e) post-sentencing rehabilitation programming (Doc. 58).

**IT IS SO ORDERED.**

Signed this 4th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.04 11:05:13 -05'00'

**Chief Judge
United States District Judge**

---

[1] **Error! Main Document Only.** In the event that Sanders wishes to file a collateral attack, the Court advises Sanders to consult 28 U.S.C. § 2255, the Federal Rules of Criminal Procedure and the Court's Local Rules on how to properly file such a petition.