IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAWANA SANDERS,

Defendant.                                           No. 12-CR-30222-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Sanders' motion for reduction of sentence pursuant to the post-sentencing rehabilitation programming (Doc. 70). The Court notes that this is second motion brought pursuant to the post rehabilitation program.[1] Like the past motion, the Court dismisses for want of jurisdiction her motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or

---

[1] Sanders first motion was filed on September 2, 2014 (Doc. 58) and the Court dismissed that motion for lack of jurisdiction on September 4, 2014 (Doc. 59).

the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack, under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Sanders does not cite any case law or statute that would allow the Court to consider her motion. Criminal Rule 35 is inapplicable because this motion is brought almost three years *after* the sentencing (June 17, 2013) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Further, the government did file such a motion and the Court ruled on the motion in June 2014 (Docs. 51 & 53, respectively). Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Sanders could bring this motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Sanders intends to pursue a collateral attack with this motion.[2] Because the Court finds that Sanders' motion does not fall under any of the exceptions authorized by statute or rule, the Court

---

[2] The Court notes that Sanders does have a pending 28 U.S.C. § 2255 petition, *Sanders v. USA*, 16-0036-DRH, filed on January 13, 2016. In light of that pending civil case, the Court, in this criminal matter, stayed her motion to reduce pursuant to Amendment 782 until the Court resolves the § 2255 petition (Doc. 69).

lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Sanders' motion for reduction of sentencing pursuant to the post rehabilitation program (Doc. 70).

**IT IS SO ORDERED.**

Signed this 8th day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.08 07:02:12 -05'00'

**United States District Judge**