IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TAWANA SANDERS,

Defendant.                                           No. 12-CR-30222-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Pending before the Court is Sanders' pro se motion to for sentence modification pursuant U.S.S.G. Amendment 782 (Doc. 60). The Court appointed counsel to represent Sanders on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to Amendment 782 (Doc. 73). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, Sanders moved to stay her motion (Doc. 68) After reviewing that motion and another pro se motion, the Court stayed the matter and allowed Sanders to file new civil case pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) (Doc. 68). The new Section 2255 case was opened on January 12, 2016. *Sanders v. United* States, 16-0036-DRH. On May 2, 2017, the Court, pursuant to Sanders' request to voluntarily dismiss, dismissed the case and closed the file. *Id.* at Doc. 11. In light of the dismissal of Sanders' Section 2255 case, the Court in this matter directed

Sanders to respond to the motion to withdraw (Doc. 72). Sanders did not respond so the Court again directed Sanders to respond on or before June 26, 2017 (Doc. 73). As of this date, Sanders has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The Court finds that Sanders *is* not entitled to a reduction of her sentence as Amendment 782 is not applicable to his case. Amendment 782 provides a two level reduction to defendants who were sentenced based on drug quantities; it does not provide a reduction for defendants who were sentenced under a different guideline. Sanders was sentenced as a "career offender" under United States Sentencing Guidelines Section 4B1.1. The sentencing Commission did not lower the applicable guideline sentencing range in Sanders' case.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 63) and **DENIES** defendant's motion for a sentence reduction (Doc. 60).

**IT IS SO ORDERED.**

Signed this 28th day of June, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.06.28 15:17:49 -05'00'

**United States District Judge**